Eric F. MOLNAR, Plaintiff,

v.

Benjamin DOERFLER, Craig Fournier and Michael Shanley, Defendants.

Civil No. 3:03CV00813(AWT).

United States District Court, D. Connecticut.

May 7, 2007.

Eric F. Molnar, Suffield, CT, Pro se.

James Newhall Tallberg, Karsten & Dorman, LLC, West Hartford, CT, for Defendants.

### RULING ON DEFENDANTS' RE-NEWED MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

THOMPSON, District Judge.

Plaintiff Eric Molnar brings this action against defendant police officers Benjamin Doerfler, Craig Fournier, and Michael Shanley, claiming that they subjected the plaintiff to "unreasonable force in the course of an arrest, and wilfully [sic] conspired to inflict cruel and unusual punishment and depriving the plaintiff equal protection of laws," Amended Complaint ("Am.Compl.") ¶ 1, in violation of the plaintiff's rights under the constitutions of the United States and the State of Connecticut. The defendants have filed a renewed motion for summary judgment on the plaintiff's excessive force claim and also moved to dismiss the Amended Complaint with respect to four individuals who were not served after the court ordered service to be effected within 120 days of July 18, 2005, see Doc. No. 38; the defendants' motion does not address the Eighth Amendment or equal protection claims. For the reasons set forth below, the defendants' motion is being granted.

### I. FACTS

The plaintiff's claims in this case arise out of his arrest on May 10, 2000. According to the police report, Officers Doerfler and David Schneider were dispatched to the plaintiff's former marital home in response to a 911 call from a female who had been yelling "help" before the line was disconnected. When they arrived at the residence, the officers noticed that the bottom glass pane of the door on the side porch of the house was broken and that there was glass and blood on the floor of the porch. Doerfler drew his service weapon and entered the house, where the officers announced their presence by calling out "Police." The officers then heard a female scream "Help" several times from behind a closed door. Doerfler yelled "Open the door. Open the door." Doerfler then kicked open the door and saw the plaintiff holding down a naked female who was crying and screaming and repeatedly saying something to the effect, "He had me tied up in the basement all day." Doerfler ordered the plaintiff to get on the floor and repeated the command when the plaintiff did not comply. After the plaintiff still did not comply, Doerfler used his left hand to force the plaintiff to the floor, and then handcuffed him. Schneider escorted the plaintiff to a police car and transported him to the Southington Police Department.

At the plaintiff's subsequent criminal trial, the evidence showed that the plaintiff physically and sexually abused his victim on the afternoon of May 10, 2000, and that during that time the victim had fought the plaintiff and had attempted to escape. The plaintiff was convicted of two counts of kidnaping in the first degree, one count of unlawful restraint in the first degree, one count of assault in the second degree and one count of sexual assault in a spousal relationship.

### II. LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Gallo v. Prudential Residential Servs., 22 F.3d

1219, 1223 (2d Cir.1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury. *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined ... to issue-finding; it does not extend to issue-resolution." *Gallo,* 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is *both* genuine *and* related to a material fact. Therefore, the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Only those facts that *must* be decided in order to resolve a claim or defense will prevent summary judgment from being granted. Immaterial or minor facts will not prevent summary judgment. *See Howard v. Gleason Corp.,* 901 F.2d 1154, 1159 (2d Cir.1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and ... draw all reasonable inferences in its favor."

*Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir.2000)(quoting *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 177 (2d Cir.1990)). However, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. *Stern v. Trustees of Columbia University,* 131 F.3d 305, 315 (2d Cir.1997) (quoting *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d. Cir.1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

## III. *DISCUSSION*

### A. Excessive Force

■ "To establish a Fourth Amendment excessive-force claim, a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, 'objectively unreasonable' under Fourth Amendment standards." *Finnegan v. Fountain,* 915 F.2d 817, 823 (2d Cir.1990) (citing *Graham v. Connor,* 490 U.S. 386, 399, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

■ The plaintiff in this case has failed to come forward with evidence that would permit a reasonable jury to conclude that the defendants used excessive force against him. The plaintiff's sworn statement, given to the police the day after his arrest, provides little information regarding his alleged injuries.[1] The plaintiff

---

1. Not even the Amended Complaint identifies the plaintiff's injuries or states how they were sustained. It merely states that the plaintiff suffered physical injuries and emotional dis- tress from the arrest. The only specific reference to physical abuse in the Amended Complaint appears in paragraph 9, which alleges that the plaintiff was not provided "with ade-

stated that he had gone to his former marital home to cut the grass with a rented mower:

> After I returned the mower, I went back to the house to rake the lawn and pick up branches. I think this was about the time I started drinking. I was drinking Yukon Jack, which I had stored in the house for when we had parties or other special occasions. After picking up the branches, I do not remember anything much after this. The next thing I do remember is being whacked and then there were a lot of sirens. I can also remember swearing at someone. I remember being wet, and then later in a the cell, cold and naked.

Plaintiff's Statement, dated May 11, 2000, Exhibit 6 to Defendants' Motion for Summary Judgment.

The plaintiff's deposition provides limited additional information, none of it helpful to the plaintiff. The plaintiff recalls that he drank an unknown quantify of Yukon Jack before the events that led to his arrest. However, the plaintiff does not recall his arrest, and does not even recall being in the presence of the police until the next day, May 11, 2000 (Pls.Dep.25). Asked if he had any recollection of how he came to be in the custody of the police, the plaintiff replied, "No, I just remember a thump to my head, and that was it. I remember being hit in the head. I don't know who did it." The plaintiff later added, "After the impact to the side of my head, I don't remember. I remember water, my face laying in water. That's it. After that—and some screaming, men screaming." (Pls.Dep.26–27). However, the plaintiff does not claim that he was slapped, punched, or kicked by any officer (Pls.Dep.68–69).

quate clothing while being held for interrogation inside a frigid temperatured [sic]

The following day, the plaintiff noticed for the first time that he had sustained injuries. "I had a cut over my eye. I had a cut on my shoulder, and I felt some abrasions on my back. I had abrasions on my mid upper torso, midsection." (Pls.Dep.66). However, the plaintiff did not know how or where his injuries were sustained (Pls.Dep.67, 70).

The defendants' affidavits negate the plaintiff's allegation of excessive force. Doerfler affirmed as follows:

11. I ordered [the plaintiff], at gunpoint, to get on the ground.

12. [The plaintiff] did not initially comply with my commands to get on the ground.

13. I used my left hand to force [the plaintiff] to the ground.

14. Once [the plaintiff] was on the ground, I handcuffed him.

. . .

20. I was able to force [the plaintiff] to the ground without incident and without causing him any apparent injury.

21. I never physically abused [the plaintiff], nor did I observe any other officer harm him in any way.

Affidavit of Benjamin Doerfler, Exhibit 3 to Defendants' Motion for Summary Judgment.

The affidavit of the other arresting officer on the scene is consistent with this account. *See* Affidavit of David Schneider, Exhibit 4 to Defendants' Motion for Summary Judgment. Defendant Michael Shanley did not arrive on the scene until the plaintiff had been arrested and placed in the back seat of the police car. Shanley

cell. . . . "

affirmed that he never touched the plaintiff and did not observe any other officer harm the plaintiff in any way. *See* Affidavit of Michael Shanley, Exhibit 7 to Defendants' Motion for Summary Judgment. All three of the officers affirmed that defendant Craig Fournier was not present at the scene of the arrest and did not come on duty until midnight.

■ Moreover, even if the plaintiff's injuries were sustained at the hands of the defendant police officers, there is no evidence that could support a conclusion that force used by any defendant was objectively unreasonable. The affidavits and police reports submitted by the defendants describe the plaintiff's repeated failure to comply with their directions. The violent nature of the incident for which the plaintiff was arrested, along with the plaintiff's inebriated state, provided the officers with further reason to believe that they were dealing with an individual who might be a danger to them and to himself, and who needed to be quickly subdued and secured.

In the absence of any evidence to the contrary, the evidence from the defendants establishes that they did not use excessive force. Accordingly, the defendants' motion for summary judgment is being granted with respect to the claim for a violation of the plaintiff's Fourth Amendment right to be free from the use of excessive force.

### B. Remaining Claims

■ The Amended Complaint alleges that the defendants "wilfully conspired to inflict cruel and unusual punishment," Am. Compl. ¶ 1, and "deprived the plaintiff of his rights under ... the eighth amendment to the U.S.C. which provides protection against cruel and unusual punishment by deliberate indifference," Am. Compl. ¶ 11. The Amended Complaint also alleges that the defendants deprived "the plaintiff equal protection of laws," Am. Compl. ¶ 1, and "deprived the plaintiff of his rights under the ... fourteenth amendment to the U.S.C. which provides equal protection of laws." Am. Compl. ¶ 11. The Amended Complaint does not appear to state a claim either for cruel and unusual punishment[2] or for denial of equal protection under the laws.[3] These claims were added by the pro se plaintiff after the initial motion for summary judgment was filed. Therefore, the pro se plaintiff will be given an opportunity to amend these claims, and the defendants will be allowed to file an additional dispositive motion addressing them.

### IV. THE FOUR DEFENDANTS WHO WERE NOT SERVED

■ The defendants move to dismiss the claims against four individuals named in the Amended Complaint (Sheila Molnar, William Perry, David Schneider and "Kahn"). The court granted the plaintiff 120 days to serve the Amended Complaint upon the four individuals, *see* Doc. No. 38, but the plaintiff failed to do so. Accordingly, the defendants' motion to dismiss the claims as to Sheila Molnar, William

---

2. "The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. General Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). The Amended Complaint contains no allegation that any cruel or unusual punishment was imposed on the plaintiff after a formal adjudication of guilt.

3. In order to plead a claim for a denial of equal protection under the Fourteenth Amendment, the plaintiff must allege, inter alia, that the defendants were motivated by a "discriminatory purpose." *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). The Amended Complaint does not allege any facts that could support an inference that the defendants were motivated by a "discriminatory purpose."

Perry, David Schneider and Kahn is being granted.

## V. *CONCLUSION*

For the reasons set forth above, defendant's renewed motion for summary judgment (Doc. No. 43) is hereby GRANTED with respect to the claim for a violation of the plaintiff's Fourth Amendment right to be free from the use of excessive force, and the motion to dismiss is hereby GRANTED with respect to Sheila Molnar, David Schneider, William Perry and Kahn. The pro se plaintiff is given until June 1, 2007 to file any amendment to his Eighth Amendment claim for cruel and unusual punishment and his Fourteenth Amendment claim for denial of equal protection of the laws, and any motion by the defendants addressed to these claims shall be filed by no later than June 22, 2007.

It is so ordered.